**Leandro MAREZ et ux., Appellants,**

v.

**J. B. MOECK, Appellee.**

**No. 1589.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 16, 1980.

Pedro P. Garcia, Corpus Christi, for appellants.

David J. Dunn, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this appeal from an order sustaining a plea in bar in favor of the defendant, the central question is whether the plaintiffs in their petition have simply misnamed and served with citation the defendant sought to be held liable, or whether the plaintiffs have named and served the wrong party. The trial court held for the defendant and we affirm.

Leandro Marez and wife, Beatrice Marez, alleged, among other things, in their original petition filed on September 6, 1977, that they suffered personal injuries resulting from an automobile accident on November 29, 1975, wherein "J. B. Moeck" was negligently driving an automobile which struck the rear of the plaintiffs' automobile in which they were occupants. "J. B. Moeck" was thereafter served with citation. It is undisputed that the adult son, "Jerry Moeck," of "J. B. Moeck" was actually the driver of the offending vehicle and the one sought to be held liable. "J. B. Moeck" filed an answer. By an amended petition filed on February 3, 1978, the plaintiffs named "J. B. Moeck, a/k/a/ Jerry Moeck" as defendant. Then on July 7, 1978, by an amended petition, the plaintiffs named "Jerry Moeck" as the defendant and on July 20, 1978, he was served with citation for the first time. Whereupon Jerry, on

February 5, 1979, filed a motion for summary judgment invoking the two–year statute of limitations against the plaintiffs. This motion was set but not specifically and separately ruled on.

Then on June 26, 1979, Jerry filed a plea in bar alleging that the doctrine of res judicata barred any claim of the plaintiffs. The trial court in an order dated June 28, 1979, recited, "... came on to be heard Defendant's Plea in Bar and the Court having heard arguments thereon and considered the pleadings and other documents on file, ..." Further, in that order, the trial court held that the plaintiffs are barred from pursuing any claims they may have had against defendant Jerry Moeck as a result of the automobile collision which occurred on or about November 29, 1975. The plaintiffs appeal from that order.

In their one and only point of error, the appellants simply complain that the trial court erred in granting the plea in bar and in prohibiting the appellants from pursuing any claim against Jerry Moeck as a result of the accident which occurred on or about November 29, 1975. But under that point the appellants make several contentions. First, they say that it was J. B. Moeck's fault that the wrong party was served because J. B. knew that he was not the driver of the car and therefore he should have done something to correct the mistake. Second, the appellants contend that the summary judgment on behalf of Jerry, wherein he attempted to invoke the two–year statute of limitations, was never ruled on by the trial judge; therefore, there can be no basis for the doctrine of res judicata urged in the appellee's plea in bar. Third, the appellants assert that this is a case of misnomer and not mistaken identity.

■ About appellants' first and third contentions, we set out the rules applicable to the naming and the serving of parties in *Astro Sign Company v. Sullivan*, 518 S.W.2d 420 (Tex.Civ.App.–Corpus Christi 1974, writ ref'd n.r.e.). If the plaintiff misnames the person sought to be held liable and serves that person, then the subsequent amendment of plaintiff's pleadings to correctly state the name of the defendant relates back to the date of the original petition. On the other hand, if the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition. Further, if the plaintiff mistakenly obtains service upon the wrong party, the defendant is under no duty to notify the plaintiff of his mistake and knowledge of the action by the person actually liable would not be enough to allow substitution of that party for the party who is sued.

■ Under the rules announced in *Sullivan*, and cases therein cited, it is clear to us that the appellants sued and served the wrong party, J. B. Moeck, and that their suit against and service of Jerry Moeck was after the two–year statute of limitations had run and that the suit was barred.

■ About the appellants' complaint that the plea has no basis in res judicata, we point out that the trial court's order does not recite on which ground, whether res judicata or statute of limitations, the decision is based. The trial court had before it the plea in bar and the appellee's motion for summary judgment which urged the two–year statute of limitations. In that regard, every reasonable presumption consistent with the record will be indulged by us in favor of the correctness of the judgment. *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ.App.–Corpus Christi 1978, no writ); *Government Employees Credit Union v. Jaquez*, 318 S.W.2d 134 (Tex.Civ. App.–El Paso 1958, writ ref'd n.r.e.). We, therefore, uphold the judgment on the basis that appellants' claim is barred by the two–year statute of limitations. Appellants' point of error is overruled.

The judgment of the trial court is affirmed.