**Bertha CORTINAS, Appellant,**

v.

**Carrie Anita WILSON, Appellee.**

**No. 05–92–01208–CV.**

Court of Appeals of Texas, Dallas.

Feb. 18, 1993.

---

**3.** As discussed below, the Dallas County Forensic Laboratory is an arm of the County of Dal- las.

Ben A. Goff, Dallas, for appellant.

Dia W. Epstein, Dallas, for appellee.

Before LAGARDE, CHAPMAN and ROSENBERG, JJ.

## OPINION

LAGARDE, Justice.

Bertha Cortinas sued Carrie Anita Wilson for damages arising from an automobile accident. On appeal, Cortinas contends that the trial court erred in granting Wilson's motion for summary judgment based on the statute of limitations. For the reasons that follow, we affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

On June 17, 1989, an automobile driven by *Carrie* Wilson collided with an automobile driven by Bertha Cortinas. The parties exchanged driver's licenses and insurance information at the accident scene. When Cortinas contacted an attorney, however, she told the attorney that *Maria* Wilson was the driver of the other car.

On June 14, 1991, Cortinas filed suit against *Maria* and William Wilson, *Carrie* Wilson's parents. The original petition alleged that Maria Wilson, while operating an automobile, collided with an automobile

driven by Cortinas. Cortinas claimed that she was not negligent and alleged various acts and omissions of negligence by Maria Wilson. The petition also alleged that William Wilson, the owner of the automobile driven by Maria, negligently entrusted her with the automobile.

Subsequently, through discovery, Cortinas's attorney learned that Carrie Anita Wilson, not Maria, was the driver. On October 30, 1991, Cortinas amended her petition to name Carrie Anita Wilson as the negligent driver and dropped Maria and William as defendants.

In response, Wilson affirmatively pleaded that the lawsuit was barred by the statute of limitations. She then filed a motion for summary judgment. Cortinas responded, arguing that summary judgment was improper because (1) she filed suit against the driver of the automobile before the statute of limitations expired and, alternatively, (2) Carrie Wilson had actual knowledge that the original petition named the wrong person as defendant and, therefore, was not prejudiced by the mistake. The trial court granted Wilson's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is designed to eliminate unmerited claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on fact issues. *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.—Dallas 1991, no writ) (citing *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)). The following standard of review applies to motions for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a material disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ The statute of limitations is an affirmative defense. *See* Tex.R.Civ.P. 94. A defendant seeking summary judgment based on an affirmative defense must establish all elements of the affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.* 813 S.W.2d 492, 495 (Tex.1991).

## STATUTE OF LIMITATIONS

■ A person must bring suit for personal injuries not later than two years after the day the cause of action accrues. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). Cortinas's cause of action for personal injuries accrued on the date of the accident, June 17, 1989. Therefore, unless tolled, limitations expired on June 17, 1991. Cortinas filed suit against William and Maria Wilson three days before limitations expired, but did not amend her petition to name Carrie Wilson as the defendant until October 30, 1991. The issue on appeal is whether limitations is tolled so that the filing of the amended petition relates back to the date of the original petition. This issue turns on whether the erroneous naming of the driver in the original petition was a misnomer or a misidentification. The supreme court recently addressed this distinction and its significance:

> Texas courts have recognized a distinction between misnomer and misidentification. If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition. If, however, the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled.

*Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990).

■ Cortinas asserts that her petition contained a misnomer because it identified

the driver of the car as the defendant and merely misnamed her. We disagree. A misnomer occurs when the correct defendant is sued and served with process, but is misnamed in the petition. *See Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 238 (Tex.1984). Cortinas named, sued, and served the wrong person. Our factual situation more nearly fits the misidentification scenario outlined in *Enserch Corporation*, although this case involves an individual, rather than a corporate or business-entity defendant. There is actually existing a person with the name of the erroneously named defendant; consequently, under the reasoning of *Enserch Corporation*, this constitutes misidentification.

### "Lack of Prejudice" Exception

Cortinas also argues that even if the mistake in her original petition is one properly labeled as misidentification, we must reverse and remand for a factual determination of whether Carrie Wilson was prejudiced by the erroneous pleading. *See Enserch Corp.*, 794 S.W.2d at 6; *Continental S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex.1975).

▇ The supreme court, however, has narrowly limited the situation in which a plaintiff who misidentifies a defendant may escape the statute of limitations requirements by proving that the defendant suffered no prejudice. Prejudice is a relevant issue only when an intended corporate or business-entity defendant and the defendant actually named in the plaintiff's petition have a business relationship. *See Enserch Corp.*, 794 S.W.2d at 6; *Matthews Trucking Co.*, 682 S.W.2d at 239.

Factually, this case falls outside the scope of the narrow exception to the statute of limitations described in *Enserch Corp.* and *Matthews Trucking Co.* Furthermore, we see no compelling policy reason to extend the logic of those decisions to misidentification of individual defendants. The "lack of prejudice" exception to the statute of limitations, noted by the supreme court in *Continental* and reaffirmed in *Enserch Corp.*, is rooted in the understandable confusion that occurs when a

company does business and holds itself out to the public under a trade name. *See Enserch Corp.*, 794 S.W.2d at 4–6; *Continental S. Lines, Inc.*, 528 S.W.2d at 830–31. There was no similar representation in this case.

Our holding is in accord with *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex.App.—Corpus Christi 1980, no writ). In *Marez*, an automobile accident victim mistakenly named the intended defendant's father as defendant in his original petition. *Id.* at 741. Marez did not amend the petition to name the proper defendant until after limitations expired. *Id.* The court of appeals affirmed the trial court's grant of the defendant's plea in bar. *Id.* at 742. In doing so, the court labeled the mistake in the petition as a misidentification. *Id.* It did not apply the prejudice analysis suggested by the supreme court in *Continental.* Rather, it stated "the defendant is under no duty to notify the plaintiff of his mistake and knowledge of the action by the person actually liable would not be enough to allow substitution of that party for the party who is sued." *Marez*, 608 S.W.2d at 742. We decline to extend the "lack of prejudice" exception to individual defendants.

### Summary

We hold that this is a case of misidentification, not misnomer. Cortinas's original petition misidentified the proper defendant. Cortinas named, sued, and served the wrong party. Thus, limitations was not tolled. Because limitations was not tolled, the amended petition did not relate back to the date of the original petition. The amended petition, correctly naming Carrie Wilson as the driver, was filed after limitations expired.

We further conclude that the "lack of prejudice" exception to the limitations bar should not be extended under the facts of this case which involves an individual, not a corporate or business-entity, defendant. We decline to so extend it.

The trial court correctly held that suit against Carrie Wilson was barred by limitations. We affirm.