Angela EGGL, Appellant

v.

Nazir ARIEN and Sheltzad Arien, Appellee.

No. 05–06–00324–CV.

Court of Appeals of Texas, Dallas.

Dec. 12, 2006.

David M. Eaker, Eaker Law Firm, for Appellant.

Timothy Adams, G. Patrick Collins & Associates, Brad K. Westmoreland, Stacy & Condor, Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion By Justice BRIDGES.

Angela Eggl appeals the trial court's summary judgment ordering that she take nothing on her negligence claims. In a single issue, Eggl argues the limitations period should be equitably tolled to permit her claims against Sheltzad Arien. We affirm the trial court's judgment.

On May 31, 2002, Eggl was a passenger in a car driven by Gregory Skelton when Skelton collided with another vehicle. Following the accident, Skelton was unable to communicate verbally with the other driver due to the other driver's heavy accent. However, Skelton exchanged insurance cards with the other driver, whose insurance card identified him as Nazir Arien. After exchanging insurance cards, Skelton drove Eggl to the hospital. On May 18, 2004, Eggl filed suit against Nazir Arien, asserting negligence claims arising out of the accident. On June 16, 2004, Nazir filed a general denial and, on July 21, 2004, Nazir filed his response to Eggl's request for disclosure in which he listed Sheltzad Arien as a potential party to the lawsuit. On August 27, 2004, in response to Eggl's first set of interrogatories, Nazir repeatedly stated he "was not involved in the incident in question as a driver, passenger, or witness." On September 10, 2004, Eggl filed an amended petition naming Sheltzad Arien as the operator of the vehicle involved in the accident. On August 30, 2005, Sheltzad Arien filed a motion for summary judgment asserting that Eggl filed suit against Nazir Arien within the limitations period, but Eggl misidentified the driver of the car, who was actually Sheltzad Arien. In December 2005, Nazir Arien and Sheltzad Arien asserted Eggl's claims were barred by limitations. On January 3, 2006, the trial court granted Sheltzad Arien's motion for summary judgment, and this appeal followed. Eggl subsequently non-suited Nazir Arien.

In a single issue, Eggl argues the statute of limitations should be equitably tolled where she mistakenly sued a related but distinct party other than the true defendant, and the true defendant had actual notice of the suit and was not misled or disadvantaged by her mistake. In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A two-year statute of limitations applies to suits for personal injury. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp.2006–2007).

Here, Eggl did not make Sheltzad Arien a party to the underlying suit until September 10, 2004, well after limitations expired on May 31, 2004. Eggl argues that, because Sheltzad Arien was not misled or disadvantaged by Eggl's misidentification, had actual knowledge of the lawsuit, and suffered no prejudice, the statute of limitations should be equitably tolled. This Court has previously held that the "lack of prejudice" exception to the limitations bar should not be extended in a case which involves an individual defendant, not a corporate or business-entity defendant. *Cortinas v. Wilson,* 851 S.W.2d 324, 327 (Tex. App.-Dallas 1993, no writ) (limitations not tolled and lack of prejudice not relevant where plaintiff misidentified driver of car as Maria Wilson in pleadings filed before limitations expired and tried to add actual driver, Carrie Wilson, as party after limitations expired). Accordingly, the trial court was correct in concluding the statute of limitations was not tolled in this case and granting summary judgment in favor of Sheltzad Arien. *See Nixon,* 690 S.W.2d

at 548–49; *Cortinas,* 851 S.W.2d at 327. We overrule Eggl's single issue.

We affirm the trial court's judgment.