COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|                              | § |                             |
| ---------------------------- | - | --------------------------- |
| VANESSA BROWN,               | § | No. 08-14-00031-CV          |
|                              | § |                             |
| Appellant,                   | § | Appeal from                 |
|                              | § |                             |
| v.                           | § | County Court at Law No. 3   |
|                              | § |                             |
| SEBASTIAN VALIYAPARAMPIL,    | § | of Dallas County, Texas     |
|                              | § |                             |
| Appellee.                    | § | (TC # CC-12-04504-CV)       |
|                              | § |                             |

# **O P I N I O N**

Vanessa Brown appeals from a summary judgment granted in favor of Sebastian Valiyaparampil on his affirmative defense of limitations. For the reasons that follow, we affirm.

## **FACTUAL SUMMARY**

On September 30, 2010, Brown was injured when the vehicle in which she was riding was struck by another vehicle. Brown filed suit on July 20, 2012 against Subin Sebastian Valiyaparampil ("Subin") alleging that his negligent operation of the vehicle proximately caused the accident and caused her injuries. Subin answered with a general denial on August 21, 2012.

Subin filed a motion for summary judgment on November 21, 2012, asserting that he was not a proper defendant because he was not the driver of the vehicle. Subin supported his summary judgment motion with his own affidavit averring that his father, Sebastian Valiyaparampil ("Sebastian") was the driver of the vehicle involved in the accident. On

December 10, 2012, Brown amended her original petition to include Sebastian as a defendant and she subsequently dismissed her suit against Subin.

Sebastian's answer included both a general denial and the affirmative defense of limitations. On May 28, 2013, Sebastian moved for summary judgment on his limitations defense. In her response, Brown argued that the delay in filing the amended suit against Sebastian resulted from "misnomer and/or misidentification" and the amended petition should relate back to the original petition. Additionally, Brown argued that limitations should be tolled because she had incorrectly identified the defendant as Subin, but Sebastian had notice of the suit and would not be prejudiced. Sebastian responded that Brown's equitable-tolling argument applied only to suits involving corporate or business entity defendants. Additionally, he maintained that he had no duty to notify Brown about her mistake. The trial court granted Sebastian's motion for summary judgment and later denied Brown's motion for new trial. This appeal follows. .

## TOLLING THE STATUTE OF LIMITATIONS

In her sole issue, Brown contends that the trial court erred by granting summary judgment on the basis of limitations by refusing to apply the equitable exception to the misidentification rule.

### *Standard of Review*

We review a trial court's summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Hooten Const. Co., Inc. v. Canterbury, Stuber, Elder, Gooch & Surratt, P.C.*, 08-05-00154-CV, 2006 WL 2480475, at *2 (Tex.App.--El Paso Aug. 29,

2006, no pet.).  We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

*The Hilland Rule*

Texas courts have recognized a distinction between misnomer and misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990).  If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition.  *Id.* at 4-5.  If, however, the plaintiff is mistaken as to which of two parties is the correct defendant and there is actually existing a party with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled.  *Id.*  In *Enserch*, the plaintiff sued Lone Star Gas Company of Texas, a separate and distinct legal entity from the proper defendant, Enserch Corporation doing business as Lone Star Gas Company.  *Id.*  This was a case of misidentification because the plaintiff named and sued the wrong entity.  *Id.*

The "*Hilland* Rule" has been applied to the general rule that misidentification will not toll limitations.  In *Continental Southern Lines, Inc. v. Hilland*, the plaintiff mistakenly sued the wrong bus company and failed to amend her petition to name the correct defendant until after the limitations period had expired.  *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 828 (Tex. 1975).  The Texas Supreme Court held that the plaintiff should have the opportunity to prove the correct defendant was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit.  *Id.* at 831.  The Supreme Court

- 3 -

clarified the *Hilland* rule in *Flour Bluff*, stating that the statute of limitations will be tolled in misidentification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *Flour Bluff Independent School District v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). The court has also held that for the exception to be applicable, a business connection or relationship must be present between the correct defendant and the one who was mistakenly named. *Matthews Trucking Co., Inc. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984).

## *Statute of Limitations*

Because this is an action for personal injury, Brown was required to file suit no later than two years after the day the cause of action accrued. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (West Supp. 2014). Brown sued Subin, the actual driver's son within the limitations period. When the plaintiff is mistaken as to which of two defendants is the correct one and there is actually a party by the name of the erroneously named defendant, this is misidentification and the limitations is not tolled. *Enserch*, 794 S.W.2d at 5. This is a case of misidentification, not misnomer, so the amendment does not relate back to the original petition. *Id.* Brown did not sue Sebastian until December 10, 2012, approximately two and half months after the statute of limitations expired.

Brown argues that the *Hilland* rule should be applied to toll limitations because the correct defendant, Sebastian, was aware of her claim prior to the running of the statute of limitations. Several intermediate courts of appeals have declined to extend the *Hilland* rule to cases where the wrong individual, as opposed to the wrong business entity, was sued. *Cortinas v. Wilson,* 851 S.W.2d 324, 327 (Tex.App.--Dallas 1993, no writ); *Eggl v. Arien* 209 S.W.3d 318, 319 (Tex.App.--Dallas 2006, pet. denied)(cited chronologically). The facts in these cases

are strikingly similar to the instant case. And, because this case was transferred to us from Dallas pursuant to the Supreme Court's docket equalization rules, we must apply precedent from the Fifth Court of Appeals

In *Cortinas*, the plaintiff was in a car accident with Carrie Wilson, but sued Maria Wilson, Carrie's mother. *Cortinas*, 851 S.W.2d at 325. Cortinas did not sue Carrie until after the limitations period had expired. *Id.* at 326. The trial court granted summary judgment in Carrie's favor. *Id.* The court held that this was a misidentification situation and that the *Hilland* rule only applies when there is a business defendant and that business defendant has a business relationship with the erroneously named defendant. *Id*. at 327. The court declined to extend the *Hilland* rule to individual defendants and affirmed the summary judgment in Wilson's favor. *Id*.

In *Eggl*, the Dallas Court of Appeals again addressed an issue of misidentification. There, Eggl was hurt in a car accident and subsequently sued Nazir Arien. *Eggl*, 209 S.W.3d at 319. Later, Eggl found out that the actual driver was Sheltzad Arien. *Id.* Eggl amended her petition to include Sheltzad Arien after the limitations period had expired. *Id.* The trial court granted Sheltzad's motion for summary judgment because limitations had expired. *Id.* Eggl appealed, arguing that limitations should be tolled because the true defendant had notice of the suit and was not misled or disadvantaged by her mistake. *Id.* Citing *Cortinas*, the court held that the *Hilland* rule should not be extended to individual defendants, but only used for business defendants. *Id*. The court affirmed the trial court's summary judgment in Sheltzad's favor. *Id.*

Brown attempts to factually distinguish these cases based on what she perceives as a lack of similarity between the defendants' names in each case whereas here father and son shared the name Sebastian. We note, however, that the two defendants here still had different first names, Subin Sebastian Valiyaparampil and Sebastian Valiyaparampil. We do not agree with Brown that

*Cortinas* and *Eggl* are inapplicable to this case.

Brown also argues that applying the *Hilland* rule only to suits involving business defendants unfairly prejudices plaintiffs who have sued non-business defendants. The *Hilland* rule exists because the related business entities in that case "made a conscious effort" to confuse the public by appearing to be the same bus company. *See Hilland*, 528 S.W.2d at 830; *Cortinas,* 851 S.W.2d at 327 (noting the *Hilland* rule "is rooted in the understandable confusion that occurs when a company does business and holds itself out to the public under a trade name"). This type of purposeful identity confusion generally does not exist with individuals. *See Fleener v. Williams*, 62 S.W.3d 284, 287 (Tex.App.--Houston [1st Dist.] 2001, no pet.). There is no evidence here that Sebastian and Subin held themselves out to the public as the same person.

We agree with our sister courts and likewise decline to extend the *Hilland* rule to individuals. Even if we did not agree, we are bound by Rule 41.3 to apply the precedent of the Dallas Court of Appeals to this transferred case. *See* TEX.R.APP.P. 41.3. Because Sebastian conclusively established that the statute of limitations had expired when Brown sued him, the trial court properly granted summary judgment in Sebastian's favor. We overrule Brown's sole issue and affirm the judgment of the trial court.

November 3, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.