

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ARMANDINA CORONADO SALAZAR, | § | No. 08-23-00298-CV |
| Appellant, | § | Appeal from the |
| v. | § | 83rd Judicial District Court |
| DANIEL PENA, | § | of Val Verde County, Texas |
| Appellee. | § | (TC# 33874) |

**<u>MEMORANDUM OPINION</u>**

In this appeal of a summary judgment, we confirm the well-established, but sometimes harsh distinction between the misnomer and misidentification of party defendants when it rubs against statutes of limitations. While the Appellant here timely filed her original petition, she named and served the wrong defendant. She then failed to serve the correct defendant within a two-year limitations period. Although Appellant makes equitable tolling and waiver arguments in avoidance of the limitations bar, none apply. On that basis, we affirm the trial court's judgment.

# I. BACKGROUND[1]

Appellant Armandina Salazar sustained injuries when her vehicle was rear-ended in a multi-car collision on June 10, 2016. The police report identifies "Daniel Pena" (Daniel) as the driver of one of the other two vehicles involved.

Salazar filed suit on April 19, 2018. The suit incorrectly named "Juan Pena" (Juan) as one of the two defendants.[2] Daniel was not named as a party in the style or in the body of the suit. Certified process server, Juan Soto, effected personal service on Juan at his residence on April 26, 2018. As it turns out, Juan Pena is the father of the involved driver Daniel Pena; Daniel resided with Juan on the service date.

The officer's return, filed on May 2, 2018, verified Soto's personal service of the citation (addressed to "Juan Pena"), the Original petition, and three sets of discovery requests to Juan. Consistent with his custom and practice, Soto would have informed Juan Pena that he was there to deliver legal documents relating to a motor vehicle incident. Soto would then have asked Juan to confirm that he was, indeed, Juan Pena. As was his professional habit, once Soto confirmed that Juan was the individual that Soto was expected to serve, Soto would have delivered copies of the legal documents and advised Juan that he needed to notify his insurance carrier of the recent service. If Soto felt the person to whom he was talking was not the person whom Soto was expected to serve, Soto would not have completed the service.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't. Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] The names **"**Juan Pena" and "Juan Daniel Pena" do not appear in the police report.

The applicable statute of limitations expired on June 10, 2018.[3] Juan filed a general denial on June 13, 2018. On June 14, 2018, Salazar's counsel learned from then-opposing counsel that Juan was not the owner and driver of the vehicle involved in the incident, that Juan was Daniel's father, and that Daniel resided at the same address at which Juan had been served.

On July 12, 2018, more than a month after the limitations period expired, Salazar filed an amended petition, "correcting" defendant "Juan" Pena to "Daniel" Pena. Then-opposing counsel accepted service of the amended petition on Daniel's behalf on the same day. Daniel then promptly filed a general denial.

The case was vigorously litigated for about five years, during which the parties signed off on various agreed discovery control orders. They participated in extensive discovery, including depositions of the parties, the treating physicians, the police officer, and Daniel's medical expert. They also participated in three mediations. Daniel filed a cross-action against his co-defendant, and the case was set for trial multiple times.

In late March 2023, Daniel's counsel filed a traditional motion for summary judgment, asserting the case should be dismissed as a matter of law because Daniel was first added as a party after the limitations period had expired. Salazar responded, arguing (1) because Daniel's real name was "Juan Daniel Pena," the name "Juan Pena" in the original petition was a simple mistake; therefore, the "correction" made in the amended petition related back to the timely filing of the original petition under the misnomer doctrine; (2) even if Daniel was brought into the suit post-limitations, he lived with Juan and had notice of the suit and was not prejudiced by his late entry; (3) Juan's and Daniel's prior counsel had confirmed to Salazar's counsel that it was actually Daniel

---

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

(and not Juan) who was served by Soto on April 27, 2018, which is why the prior counsel agreed to accept service of the amended petition with the "corrected" name; (4) Daniel's failure to previously plead the affirmative defense of limitations meant it was waived; and (5) Daniel's extensive participation during five years of litigation represented an "equitable waiver" of the limitations defense. Just prior to the summary judgment hearing, Daniel filed his third amended answer, pleading the affirmative defense of limitations for the first time. After hearing the parties' arguments, the trial court granted the motion.

Salazar then moved for a new trial, incorporating all prior arguments from her summary judgment response, and confirming her assertion that the initial service on "Juan" Pena raised a classic misnomer scenario, in which the limitations period was tolled and the "corrected" party named in the late-filed amended petition related back to the original timely service of Juan. Alternatively, based on her claim that it was actually Daniel who was served in April 2018,[4] Salazar argued that any dispute concerning Daniel's timely service presented a "fact" question such that the trial court abused its discretion in granting the summary judgment. Salazar also raised a new argument: Daniel failed to "prove the inapplicability" of the relation-back doctrine, the discovery rule, and equitable tolling, each of which would have prevented the limitations bar.

The only new evidence submitted with the motion for new trial was Salazar's counsel's own affidavit,[5] in which he claimed (1) Soto had actually served Daniel (and not Juan) in April

---

[4] The motion includes the following assertions: "[t]he lawsuit named 'Juan Daniel Pena' . . . "; "4/19/2018 - Salazar filed lawsuit against 'Juan Daniel Pena and [other driver]'"; "4/27/2018 - Service of Process on 'Juan Daniel Pena/Daniel Pena' . . . "; and "[t]he record is undisputed that Defendant Daniel Pena was served with citation on April 27, 2018, . . . ." Yet nothing in the record at the time the summary judgment was heard supports these statements.

[5] Salazar additionally submitted nine sets of Daniel's discovery responses in support of her prior summary judgment defense that Daniel's "substantial" participation in discovery amounted to an implied waiver of his right to assert the limitations bar. According to Salazar's counsel's affidavit the responses were also submitted to demonstrate Daniel was not "prejudiced" by his late entry into the case, as the responses confirm Daniel was "the correct party to the lawsuit," was aware that the first-filed petition incorrectly named his father Juan, and had been participating in

4

2018; (2) Daniel's prior counsel told Salazar's counsel that Daniel was actually served in April 2018; and (3) Daniel's prior counsel had agreed to accept service of the post-limitations amended petition *because* Daniel had already been served and was participating in the case all along.[6] In response to the motion, and to the affidavit specifically, Daniel's counsel stated Salazar's counsel's allegations (that it was Daniel, and not Juan, who had been served in April 2018) were "entirely false," and that there was "absolutely no evidence or proof" that Daniel was served in April 2018. Daniel's counsel also reiterated that the citation addressed to "Juan," Soto's officer's return verifying service on Juan; and Soto's affidavit (submitted by Salazar both in support of her summary judgment response and her motion for new trial) confirming service on the "defendant Pena" named in the citation were indisputable proof that it was Juan, and not Daniel, who was timely served in April 2018. Daniel's counsel also argued the allegation was not supported by competent evidence, such as an affidavit from the former counsel himself or a properly-filed Rule 11 agreement.[7]

At the hearing on the motion for new trial, Salazar's counsel elicited testimony from the process server. On direct, Soto admitted he could not recall all the details of, and did not have any notes regarding, the subject service that took place five years ago. On cross, Soto admitted the citation named "Juan Pena;" after the service, Soto prepared an officer's return stating he had

---

discovery as of August 2018. While these responses were "new" to Salazar's motion for new trial, they only bolstered Salazar's prior arguments; in and of themselves, they did not constitute "new" evidence such that the court should have reconsidered the grant of summary judgment.

[6] Salazar's counsel had argued this point in response to, and during oral argument on, Daniel's motion for summary judgment. Other than her counsel's arguments, however, Salazar submitted no competent evidence on the issue at the summary judgment stage.

[7] *See* Tex. R. Civ. Proc. 11. ("Agreements to be in Writing . . . [u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

served "defendant Juan Pena;" nothing in the return of service suggested Soto served Daniel Pena; if Soto had ascertained the person was not Juan Pena [as named on the citation], Soto would not have served him; the citation did not contain the name "Juan Daniel Pena;" the filed return of service was for "Juan Pena," not "Juan Daniel Pena;" and, according to the officer's return, Soto had secured service on Juan Pena in April 2018. The trial court then denied Salazar's motion for new trial.

## II. ISSUES ON APPEAL

Salazar raises three issues on appeal. First, she argues the trial court erred in granting summary judgment (and in denying the motion for new trial) because Pena impliedly waived the limitations defense by actively participating in the litigation for almost five years before asserting it. Second, she contends there is a fact issue on whether the mistaken initial service of Juan Pena constituted a misnomer which tolls limitations, allowing her amended petition that names the correct defendant to relate back to the timely first service. Finally, she contends the trial court abused its discretion in denying her motion for new trial because, where Daniel's defense was not prejudiced by the one-month delay in bringing him into the case, "equitable tolling" applies to prevent the limitations bar. We address each issue, starting with the latter two direct attacks on the summary judgment, and concluding with the waiver issue.

## III. DISCUSSION

### A. Standards of review

#### (1) Traditional motion for summary judgment

We review a trial court's grant of a traditional summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging all reasonable inferences and resolving any

doubts in the nonmovant's favor. *See B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017); *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied).

A defendant moving for traditional summary judgment on the affirmative defense of limitations carries the burden to conclusively establish that defense. Tex. R. Civ. P. 166a(c); *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). The movant must demonstrate (1) when the plaintiff's cause of action accrued, and (2) that the plaintiff's suit was filed outside the relevant limitations period. *Levinson Alcoser Associates, L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 626 (Tex. 2023); *Browne v City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *6 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.) (citing *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). The movant must also negate any issues pleaded as an exception to limitations, such as accrual, the discovery rule, and tolling. *Draughon*, 631 S.W.3d at 88, 91, 92; *cf. Levinson*, 670 S.W.3d at 626 (quoting *Draughon*, 631 S.W.3d at 88, 92) (the defendant's burden includes negating equitable doctrines raised by the plaintiff "'that affect which days count toward the running of limitations,' *but not* those that 'overcome the statute of limitations even if the defendant conclusively proves that it has run.'") (emphasis added).[8] If the defendant discharges this burden, the plaintiff may still defeat summary judgment by presenting summary judgment evidence that raises a fact issue "in avoidance of the statute of limitations." *KPMG Peat Marwick*, 988 S.W.2d at 748.

---

[8] According to *Draughon*, the plaintiff/nonmovant bears the burden of proof on equitable defenses which avoid the limitations bar, such as fraud, equitable estoppel, and diligence in procuring service. *Draughon v. Johnson*, 631 S.W.3d 81, 92–94 (Tex. 2021). In these situations, the plaintiff is arguing dismissal is improper "for a reason independent of" defendant's/movant's conclusive showing that the applicable limitations period has expired. *Id*. at 94.

### (2)  Motion for new trial

We review the denial of a motion for new trial for an abuse of discretion. *Matter of Marriage of Stokes*, No. 04-23-00138-CV, 2024 WL 2034740, at *1 (Tex. App.—San Antonio May 8, 2024, no pet.) (mem. op.); *Said v. Valdes*, 668 S.W.3d 793, 799 (Tex. App.—El Paso 2023, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to guiding rules and principles. *Dietz v. Hill Country Restaurants, Inc.*, 398 S.W.3d 761, 764 (Tex. App.—San Antonio 2011, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

### B.  Daniel conclusively established Salazar's suit was barred by limitations

In his summary judgment motion, Daniel met his initial burden of proof by demonstrating the following: (1) Salazar's cause of action accrued on June 10, 2016, the day of the incident; (2) based on the two-year limitations period, Salazar had through and including June 10, 2018, to file and serve her personal injury suit against driver Daniel Pena; and (3) Daniel was not, however, made a party to the suit until Salazar filed an amended petition after the limitations period expired. *See Draughon*, 631 S.W.3d at 89.

The inquiry does not stop there. To meet his burden of proof Daniel was also required to conclusively negate any exceptions or avoidances (such as accrual, the discovery rule and tolling) pleaded by Salazar. *Id*. at 88 (citing *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019)). Here, Salazar raised misnomer as an exception. That is, by incorrectly naming "Juan Pena," rather than "Juan Daniel Pena," her later-filed amended petition "correcting" the naming error related back to the date of the Original petition. As explained below, however, the "misnomer" exception to the relation-back doctrine does not apply here.

8

### (1) Misnomer

The relation-back doctrine provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation, unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. § 16.068.

Generally, an amended pleading adding a *new party* does not relate back to the original pleading. *Univ. of Texas Health Sci. Ctr. v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011). This is because, with limited exceptions, § 16.068 "addresses adding claims, not parties." *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *11 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied) (mem. op.); *Pfister v. De La Rosa*, No. 04-11-00475-CV, 2012 WL 2834762, at *2–3 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (affirming summary judgment where correct defendant served after four-year statute of limitations expired).

The "misnomer" and "misidentification" doctrines represent limited exceptions under the "relation-back" rule. *University of Texas Health*, 332 S.W.3d at 400. Misnomer occurs when a plaintiff serves the correct defendant under an incorrect name. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). Said another way, misnomer occurs when the plaintiff misnames the correct defendant, and the correct defendant is actually served. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). In that circumstance, the limitations period is tolled, and a subsequent amendment of the petition (correcting the defendant's name) will "relate back" to the date of the original petition/service. *Id*. But here, the record confirms Salazar did not mis-name and serve the correct party; instead, she named and served the wrong party. Thus, under § 16.068, Salazar's post-

limitations amended answer naming Daniel as a new party does not relate back to the timely filed and served Original petition. *See Nolan v. Hughes*, 349 S.W.3d 209, 214 (Tex. App.—Dallas 2011, no pet.) (rejecting argument that § 16.068 permits relation-back when the amended pleading names a new party as defendant after expiration of limitations).

The point of error arguing Salazar's late-filing against Daniel represents a misnomer scenario in which the limitations period is tolled is overruled.

### (2) Misidentification

Misidentification occurs when two separate legal entities exist, and a plaintiff mistakenly sues an "entity with a name similar to that of the correct entity." *Benevides v, QQ Delight, LLC*, 666 S.W.3d 793, 797 (Tex. App.—Texarkana 2023, no pet.) (citing *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (orig. proceeding)). "[A] suit mistakenly filed against the wrong defendant imposes no duty on the correct defendant to intervene and point out plaintiff's error." *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984). That "no duty" applies even if the correct defendant may have known of the suit. *Id*.

While the limitations period is generally not tolled in misidentification cases, the Texas Supreme Court has carved out a limited equitable exception. *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 830–831 (Tex. 1975). In *Hilland*, the plaintiff, who was injured while stepping off a bus marked "Continental Trailways" in large letters, timely served a bus company under the same name. *Id.* at 829. After limitations expired, the plaintiff amended her petition to correctly name the proper corporate entity, Continental Southern Lines, Inc. *Id*. Continental Southern Lines asserted a limitations defense. *Id*. Confirming the general "misidentification" rule that the institution of suit against one corporation will *not* toll the running of limitations as to a different corporation, the Court allowed limitations to be "equitably" tolled because the evidence demonstrated Continental

10

Southern Lines, Inc. "made a conscious effort" to mislead the public about its true corporate name. *Id*. at 829–31. In fact, Continental Southern Lines, Inc. operated under the trade name "Continental Trailways." *Id*. at 831. Under those circumstances, the Court allowed the plaintiff an opportunity to demonstrate that the later-sued entity was aware of the facts, was not misled, and was not placed at a disadvantage in obtaining relevant evidence for its defense. *Id*.; *see also Chilkewitz*, 22 S.W.3d at 828 (clarifying limitations may be tolled in misidentification cases where incorrect entity "use[s] a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake.").

The *Hilland* exception to the misidentification rule applies only where the intended defendant and the mis-identified defendant are *corporate* entities with a business relationship or connection. *See McCord v. Dodds*, 69 S.W.3d 230, 234–235 (Tex. App.—Corpus Christi 2001, pet. denied) (citing *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 238 (Tex. 1984)). Similarly, "prejudice" is a relevant issue only when the intended corporate or business-entity defendant and the defendant actually named have a business relationship. *See Cortinas v. Wilson*, 851 S.W.2d 324, 327 (Tex. App.—Dallas 1993, no pet.). Thus, Salazar's arguments that equitable tolling applies or that a fact question exists because Daniel was not "prejudiced" by his late entry into the case are mistaken. Because Salazar misidentified the proper *individual*, her case factually falls outside the scope of the *Hilland* exception. *See Chavez v. Andersen*, 525 S.W.3d 382, 386, 388 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (confirming *Hilland* exception does not apply where plaintiff in vehicular incident mistakenly names and sues wrong individual as driver and later adds correct party outside limitations period).

Texas courts have consistently held that suits for personal injuries sustained in vehicular collisions are barred by limitations where, as here, the plaintiff timely sues a particular person

believed to be the driver, the person served is not the actual driver, and the plaintiff does not amend to name the proper defendant until after limitations expires. *See id.* at 389 (affirming summary judgment where plaintiff sued wrong person and then added correct driver six months post-limitations); *Brown v. Valiyaparampil*, 507 S.W.3d 773, 776–77 (Tex. App.—El Paso 2015, pet. denied) (affirming summary judgment where plaintiff originally sued son instead of father who actually drove vehicle); *Cortinas*, 851 S.W.2d at 326–28 (affirming summary judgment on limitations where plaintiff originally sued parents instead of daughter who was actually driving the vehicle); *Marez v. Moeck*, 608 S.W.2d 740, 741–42 (Tex. App.—Corpus Christi 1980, no writ) (affirming limitations bar where plaintiff originally sued father instead of son actually driving the vehicle). "In cases involving a vehicular accident, as here, suing a party, believed to have been the driver, but who was not the actual driver [and then failing to sue/serve the correct driver prior to the expiration of limitations] constitutes misidentification." *Chavez*, 525 S.W.3d at 387.

Salazar's suit and service against the wrong person, after which she amended her petition post-limitations to add the correct party, is a classic misidentification scenario in which the amended pleading does not relate back and limitations are not tolled. Salazar's point of error, generally claiming that the *Hilland* exception to the misidentification rule applies, is overruled.

### C. Salazar failed to controvert summary judgment

Because Daniel conclusively established that the suit against him was barred by the statute of limitations and that no tolling exceptions applied under the misnomer and misidentification doctrines, the burden shifted to Salazar to produce competent proof raising a fact issue in avoidance of the statute. *See* Tex. R. Civ. P. 166a(c); *Draughon*, 631 S.W.3d at 89; *Padilla v. Hodge*, No. 04-22-00151-CV, 2024 WL 2741318 at *2 (Tex. App.—San Antonio May 29, 2024, no pet.) (mem. op.) (citing *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018)). Here, Salazar tries to

raise as an avoidance issue the claim that, because Daniel waited too long to assert the statute of limitations defense and substantially invoked the litigation process in the interim, he impliedly waived his right to assert the defense.

Yet Salazar cites no case where a party waives a statute of limitations defense based on a pretrial delay in asserting the defense, or by a "substantial invocation" of the litigation process. So, for support, Salazar turns to implied waiver claims made in other contexts. *See LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019) (holding engineers' substantial invocation of judicial process waived a statutory dismissal right for the plaintiffs failure to file certificate of merit); *Perry Homes v. Cull*, 258 S.W.3d 580, 589–93 (Tex. 2008) (holding that homeowners' substantial invocation of litigation process impliedly waived their right to arbitration). She would have us extend the implied waiver analyses in *Lalonde* (certificate of merit) and *Perry Homes* (arbitration) to assertions of a statute of limitations defense. We decline to do so for several reasons.

First, there is a marked distinction between the assertion of a statute of limitations defense and a certificate of merit dismissal as discussed in *LaLonde*. The certificate of merit requirement found in Texas Civil Practice & Remedies Code § 150.002 was intended by the legislature to allow a specific class of defendants to obtain the quick dismissal of frivolous claims without the need to litigate the lawsuit, "even to the point of relieving the defendant of any obligation to file an answer until thirty days after a certificate is filed." *LaLonde*, 593 S.W.3d at 216. Thus, when the moving party has "so engaged the judicial process that a certificate of merit *ceases to serve its intended function*, the requirement of its filing is waived." *CASCO Architects v. CLA Cinco, LLC*, No. 14-23-00266-CV, 2024 WL 3944236, at *3 (Tex. App.—Houston [14th Dist.] Aug. 27, 2024, no pet. h.) (mem. op.) (quoting *LaLonde*, 593 S.W.3d at 229) (emphasis added). In contrast, statutes of limitations apply to specific causes of action (not specific classes of defendants), and

often cannot be successfully asserted at the outset of a lawsuit. Because defendants carry the evidentiary burden in asserting the defense, they may have to engage in discovery to develop that evidence. That is, a defendant may have to "substantially invoke" the litigation process to prove the defense.

Second, the statute of limitations is an affirmative defense, meaning it "does not seek to defend by merely denying the plaintiff's claims, but rather seeks to establish an independent reason why the plaintiff should not recover." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) (internal quotation marks omitted). In other words, the successful assertion of a statute of limitations defense results in a dismissal *with* prejudice. In contrast, a plaintiff's burden to file a statutory certificate of merit is a requirement for filing suit, not for prevailing on the merits, and the failure to file the certificate can result in a dismissal without prejudice—which is not a merits determination. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d); *See Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 489 (Tex. 2017) (noting that the trial court retains the discretion to dismiss without prejudice under § 150.002). Similarly, when a contractual arbitration clause is invoked (also subject to a waiver analysis), the invoking party is not attempting to dismiss the case on the merits, but only move it to another forum.

Third, and perhaps most importantly, the certificate of merit provisions include no statutory deadline for raising the issue. In the absence of a deadline, the courts consider waiver to fulfill the statute's underlying purpose. But the Texas Rules of Civil Procedure already provide a rule-based deadline for raising affirmative defenses. A party must plead any affirmative defense. Tex. R. Civ. P. 94.[9] And a pleading must be amended either more than seven days before trial, or

---

[9] Rule 94 includes a list of several affirmative defenses that must be pleaded: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of

in conformity with a trial court's scheduling order. *See* Tex. R. Civ. P. 63 (rule-based deadline for amending pleadings); Tex. R. Civ. P. 166 (allowing for pretrial orders that may dictate when amended pleadings must be filed); and Tex. R. Civ. P. 190.4 (noting that discovery control orders in Level 3 cases must include deadlines for supplementing pleadings). Outside of these rule-based requirements, the case law has only found a timeliness waiver of limitations when a party first raised limitations in their motion for new trial. *See Urias v. Owl Springs N., LLC*, 662 S.W.3d 561, 567–68 (Tex. App.—El Paso 2022, no pet.) (collecting cases); *see also Waggoner v. Sims*, 401 S.W.3d 402, 404 n.1 (Tex. App.—Texarkana 2013, no pet.) (expressly rejecting argument that a statute of limitations defense must be raised in the first-filed answer of defendant).

To be sure, a party may waive their statute of limitations defense in other ways. A party asserting that defense carries the burden to plead, prove, and secure findings to sustain it. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Zavala v. Franco*, 622 S.W.3d 612, 619 (Tex. App.—El Paso 2021, pet. denied); Tex. R. Civ. P. 94. Failing any of those requirements waives the defense. But absent clear direction from the Texas Supreme Court, or reasoned opinions from our sister courts, we are disinclined to impose a "substantial invocation of litigation" waiver doctrine to raising a statute of limitations defense.

Appellant's first point of error is overruled.

### D.   No abuse of discretion in denial of motion for new trial

Salazar claims the trial court abused its discretion in denying her motion for new trial; specifically, she argues "equitable tolling" prevented the application of the limitations bar such

---

limitations, and waiver. Tex. R. Civ. P. 94. The logical import of Salazar's argument would be that each of these affirmative defenses would be subject to a *LaLonde* waiver bar.

that the motion should have been granted. But as already discussed, equitable tolling does not apply in factually-similar misidentification cases. *Enserch*, 794 S.W.2d at 5.

Salazar additionally argues that because Daniel failed to disprove the applicability of both the misnomer exception to the relation-back doctrine and the discovery rule, he failed to meet his statutory burden of proof and, therefore, the trial court abused its discretion in granting the summary judgment. First, the discovery rule is not applicable where, as here, the date the cause of action accrued is undisputed. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (confirming "[t]he discovery rule . . . defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action"). Second, the record demonstrates, and well-established authorities confirm, Daniel's argument that the misnomer exception to the relation-back doctrine did not apply in this vehicular collision scenario where Salazar named and served the wrong individual defendant. *See Marez*, 608 S.W.2d at 741–42. Thus, Daniel met his burden of conclusively demonstrating both that limitations barred Salazar's suit and that no tolling exceptions applied.

The only "new" evidence submitted in support of the motion is Salazar's counsel's affidavit, claiming Daniel's prior counsel confirmed that it was Daniel, and not Juan, who had been timely served in April 2018. For several reasons, we cannot conclude that the trial court abused its discretion in failing to find that the affidavit changes the calculus. First, at the time the summary judgment was heard, the trial court had the following evidence before it: the police report naming "Daniel Pena" as the involved driver on June 10, 2016; the Original petition naming "Juan Pena" as one of the two defendants; the citation addressed to "Juan Pena;" a return of service on "Juan Pena;" Soto's affidavit confirming his professional habit of confirming that the person he is serving is the person named on the citation; and the amended petition, naming "Daniel Pena" filed after

limitations had run. At no time during the summary judgment proceedings did Salazar present any competent evidence of the alleged conversation with Daniel's former counsel in order to properly raise a fact issue as to whether Daniel was the person timely served by Soto in April 2018.

Moreover, once the motion for new trial was heard, the trial court also considered Soto's admissions, under cross-examination, confirming that Juan (and not Daniel) was the person timely served in April 2018. Thus, Salazar's counsel's affidavit supported nothing. First, it was not before the court when the summary judgment motion was considered. Second, even if it were, the affidavit contained factual (that Daniel was indeed timely served) and legal (that the misnomer exception to the relation-back doctrine applied) statements which were conclusory. *See Hilderbran v. Texas Sw. Council, Inc., Boy Scouts of Am.*, No. 04-20-00112-CV, 2021 WL 2211353, at *5 (Tex. App.—San Antonio June 2, 2021, no pet.) (mem. op.) (explaining a conclusory affidavit expresses an inference or draws a legal conclusion without providing underlying supporting facts). Affidavits consisting only of conclusions are insufficient to raise a fact issue in response to a motion for summary judgment. *Houle v Casillas*, 594 S.W.3d 524, 560 (Tex. App.—El Paso 2019, no pet.) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)). Said another way, because it is legally insufficient, a conclusory affidavit amounts to no evidence. *See Browne*, 2012 WL 11756 at *4. On that basis, the trial court could have rejected any probative evidence allegedly presented by Salazar's counsel's affidavit.

We have reviewed the record and determined, de novo, that the summary judgment was properly granted. The "new evidence" raised in Salazar's motion for new trial was not sufficient to impact the trial court's review of its prior summary judgment ruling, and insufficient to show an abuse of discretion by the trial court in denying that motion.

Salazar's third point of error is overruled.

## IV. CONCLUSION

Accordingly, the trial court's grant of summary judgment and denial of Salazar's motion for new trial are affirmed.

JEFF ALLEY, Chief Justice

October 17, 2024.

Before Alley, C.J., Palafox and Soto, JJ.