

NUMBER 13-14-00241-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICARDO MARTINEZ, M.D. AND
ALBERTO PEÑA, M.D.,**                                              **Appellants,**

**v.**

**MARIA GONZALES,**                                                          **Appellee.**

---

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

This interlocutory appeal brought by appellants Ricardo Martinez, M.D. and Alberto Peña, M.D. asks us to determine whether the trial court abused its discretion in denying Martinez and Peña's respective motions to dismiss under section 74.351 of the civil practice and remedies code. *See* TEX. CIV. PRAC. REM. CODE ANN. § 74.351 (West,

Westlaw through Ch. 46, 2015 R.S.).   We affirm.

## I.   BACKGROUND

On September 11, 2012, appellees Maria Gonzales, Noel Gonzalez, Gloria Gonzalez, Minerva Luna, Roberto Gonzalez, Carolina Perez, and Arturo Gonzalez (collectively "Gonzales") filed suit against Doctor's Hospital at Renaissance, Edgar Hernandez, M.D., and Gerard William O'Callaghan, M.D., as wrongful death beneficiaries of Dominga S. Gonzalez, a patient who died while admitted at Doctor's Hospital at Renaissance.[1]

On September 11, 2013, Gonzales filed a first amended original petition naming Dr. Peña and Dr. Martinez as defendants.   Dr. Martinez filed his answer on October 13, 2013, and Dr. Peña filed his answer on October 21, 2013.   On January 31, 2014, Gonzales served Dr. Martinez and Dr. Peña with an expert report.   On February 20, 2014, Dr. Martinez filed a motion to dismiss Gonzales's lawsuit on the grounds that Gonzales's expert report was untimely served because the report should have been served by January 9, 2014.   *See id.* § 74.351(b).   On February 21, 2014, Dr. Peña filed a similar motion to dismiss making the same argument as Dr. Martinez.   Gonzales responded to the motions to dismiss by arguing that since Dr. Martinez and Dr. Peña were sued after the 2013 amendments to section 74.351(a) were in effect, January 31, 2014 was within the statutory 120-day deadline to serve an expert report.   The trial court agreed with Gonzales and denied Dr. Martinez and Dr. Peña's motions to dismiss.   This

---

[1] Doctor's Hospital at Renaissance, Dr. Hernandez, and Dr. O'Callaghan are not parties to this appeal.

2

interlocutory appeal followed. *See id.* § 51.014(a)(9) (West, Westlaw through Ch. 46, 2015 R.S.).

## II.    MOTION TO DISMISS

By their sole issue, Dr. Martinez and Dr. Peña assert that the trial court abused its discretion by denying their motions to dismiss because Gonzales failed to timely serve expert reports.

### A.    Standard of Review

We review a trial court's ruling on a motion to dismiss for failure to comply with the expert report requirement under chapter 74 of the civil practice and remedies code for an abuse of discretion. *See Garza v. Carlson*, 398 S.W.3d 848, 849 (Tex. App.—Corpus Christi 2012, pet. denied) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001)). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.—2010, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985)). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992)). Therefore, when the issues are purely questions of law, as here, we effectively conduct a de novo review. *Id.* (citing *Pallares v. Magic Valley Elec. Coop.,* 267 S.W.3d 67, 69–70 (Tex. App.—Corpus Christi 2008, pet. denied); *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989) (holding that "matters of statutory construction are questions of law for the court to decide rather than issues of fact")).

**B.     Discussion**

Dr. Martinez and Dr. Peña assert that because Gonzales filed her original petition on September 11, 2012, the timing of the pre-September 1, 2013 version ("the pre-2013 version") of the statute determines when Gonzales should have served them with an expert report, and as a result, Gonzales's expert report was untimely.    Gonzales disagrees, however, and argues that because she sued Dr. Martinez and Dr. Peña after September 1, 2013, the 2013 amendments apply to the timetable of serving her expert report and such service was timely.    Thus, the disposition of this appeal hinges upon a seemingly simple question:   which version of section 74.351(a) applies in this case? We will examine each version below.

The pre-2013 version of the relevant statute that was in effect from September 1, 2005 to August 31, 2013 stated the following:

> In a health care liability claim, a claimant shall, *not later than the 120th day after the date the original petition was filed*, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.   The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

Act of June 17, 2005, 79th Leg. R.S., ch. 635, § 1, 2005 TEX. SESS. LAW SERV. Ch. 635 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)) (emphasis added).

The current version of the statute states the following:

4

> In a health care liability claim, a claimant shall, *not later than the 120th day after the date each defendant's original answer is filed*, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (emphasis added).

The enabling statute for the current version of section 74.351(a) states that the 2013 amendment "applies only to an action commenced on or after [September 1, 2013]. An action commenced before [September 1, 2013] is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose." 2013 TEX. SESS. LAW SERV. Ch. 870 (H.B. 658) § 3(b) (Vernon's).

Dr. Martinez and Dr. Peña argue that Gonzales's action commenced prior to September 1, 2013, when Gonzales filed her original petition on September 11, 2012. In support of this argument, Dr. Martinez and Dr. Peña rely heavily on *S&P Consulting Engrs., PLLC v. Baker*, 334 S.W.3d 390, 393 (Tex. App.—Austin 2011, no pet.) (en banc).

In *Baker*, the Austin Court was called upon to interpret section 150.002(a) of the civil practice and remedies code requiring that a plaintiff filing claims against licensed engineers file a certificate of merit by a third-party licensed engineer setting forth the allegation and the factual basis for the claim. *Id.* at 394. The Austin Court had to determine whether the 2009 amendments to section 150.002(a) applied to the pending claims against S&P. In analyzing the issue, the court referred to the amendment's enabling statute which stated that the amendment applied

5

only to an action or arbitration filed or commenced on or after the effective date [Sept. 1, 2009] of this Act.   An action or arbitration filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

*Id.* at 395.

The *Baker* Court recognized that nothing in the statute itself or the enabling statute specified "whether an action commences for all persons with the filing of the original petition or whether an action commences for each defendant the first time it is named as a defendant."   *Id.* at 396.   As a result, the court turned to rules of civil procedure 22, 37, and 38 to conclude that for purposes of section 150.002, "an action commences when the original petition is filed."   *Id.* at 398; *see* TEX. R. CIV. P. 22, 37, and 38; *but see Nangia v. Taylor*, 338 S.W.3d 768, 770–71 (Tex. App.—Beaumont 2011, no pet.) (holding that the 2009 amendments to section 150.002 applied to claims asserted for the first time against a licensed professional engineer defendant).

Like the *Baker* Court, we must construe the enabling statute for the 2013 amendments to section 74.351(a) to determine which version applies in this case.   When construing a statute, we begin with its language.   *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).   Our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen.   *Id.*   If the statute is clear and unambiguous, we must apply its words according to their common meaning without resorting to rules of construction or extrinsic aids.   *Id.*   We may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction. *Id.* (citing TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (West, Westlaw through Ch. 46, 2015 R.S.); *Union Bankers*

*Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex. 1994)). Statutory construction is a question of law, and our review is accordingly de novo. *Id.*

Here, the enabling statute, and statute itself, are likewise silent as to what "action commenced" means. Rule 22 states that a civil suit commences "by a petition filed in the office of the clerk." TEX. R. CIV. P. 22. We disagree, however, with the *Baker* Court's interpretation that Rule 37's statement that "[b]efore a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in" indicates that "new parties are being added to an action that has already commenced." *See Baker*, 334 S.W.3d at 396. While such an interpretation may be supported if a plaintiff files a supplemental petition adding parties, it ignores that the filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit. *See Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. Civ. App.—Corpus Christi 1980, no writ); *see also Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) (plurality op.) (holding that the term "action" is generally synonymous with "suit," which is a demand of one's rights in court). Thus, we find Dr. Martinez's and Pena's reliance on *Baker* unpersuasive as it relates to the commencement of an action under section 74.351(a). We note that the Austin Court grappled with its holding in *Baker* and reconciled it with its prior holding in *Hayes v. Carroll.* 314 S.W.3d 494, 501 (Tex. App.—Austin 2010, no pet.). *See Baker*, 334 S.W.3d at 398 n.10. As a result, the *Baker* Court limited its interpretation of when an action commenced solely for purposes of determining the effective date of the 2009 amendments to section 150.002. *Id.*

Accordingly, we do not adopt *Baker's* interpretation of when an action commences for purposes of determining when the 2013 amendment to section 74.351(a) applies. Instead, we hold that for purposes of section 74.351(a), an action commences when the particular defendant is named, thus triggering the applicable deadline for serving an expert report. *Cf. Padre Behavioral Health System, LLC v. Chaney*, 310 S.W.3d 78, 85 (Tex. App.—Corpus Christi 2010, no pet.) (holding that the 120-day period to serve an expert report under pre-2013 section 74.351(a) "began to run when [defendants] were first named as defendants").

Furthermore, our interpretation today fulfills the legislative intent of the purpose of the expert report requirement. The Texas Supreme Court has stated that the expert report requirement's purposes are to (1) inform the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis for the trial court to conclude that the claims have merit. *Palacios*, 46 S.W.3d at 879. Dr. Martinez and Dr. Peña fail to persuade this Court how the application of the 2013 amendment of section 74.351(a) to Gonzales's expert report frustrates those purposes.

Because Dr. Martinez and Dr. Peña were named as defendants in Gonzales's first amended petition on September 13, 2013, the current version of section 74.351(a) applies in this case. As a result, Gonzales served her expert report to Dr. Martinez and Dr. Peña, within the statutory 120-day deadline of Dr. Martinez and Dr. Peña filing their respective answers, and the trial court did not abuse its discretion in denying their respective motions to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Dr. Martinez's and Dr. Peña's sole issue on appeal is overruled.

### III.   CONCLUSION

We affirm the trial court's order denying Dr. Martinez's and Dr. Peña's respective

motions to dismiss.

                                        GINA M. BENAVIDES,
                                        Justice



Delivered and filed the
17th day of September, 2015.