ACCEPTED
15-25-00025-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/14/2025 4:42 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00025-CV

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
5/14/2025 4:42:45 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

In Re Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation

*Relators.*

Original Proceeding Arising From The
Business Court of the State of Texas, Eleventh Division
Cause No. 24-BC11A-0013
Honorable Sofia Adrogué, Judge of the Texas Business Court

## RELATORS' REPLY IN SUPPORT OF
## PETITION FOR WRIT OF MANDAMUS

GREENBERG TRAURIG, LLP

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 374-3505

GREENBERG TRAURIG, LLP

Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR RELATORS KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC.,
KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iii

INTRODUCTION .......................................................................................... 1

BRIEF REPLY TO CYPRESS' STATEMENT OF FACTS ............................ 3

SUMMARY OF THE REPLY .......................................................................... 5

ARGUMENT AND AUTHORITIES ............................................................... 7

I.     Cypress ignores clear statutory authority and key case precedent
       supporting that this remand is an abuse of discretion. ...................... 7

       A.     Cypress does not controvert Relators' arguments as to the
              propriety of this case being heard in the business court. .......... 7

       B.     The action commenced against KRC, a publicly traded
              company, when Cypress sued it for the first time on
              September 20, 2024. ............................................................... 7

II.    Relators have shown their inadequate remedy at law. ...................... 13

III.   Granting mandamus relief will not encourage parties to
       "manufacture" jurisdiction or invite "unlimited Chapter 25A
       removal and remand mandamus review." ........................................ 15

CONCLUSION AND PRAYER ..................................................................... 16

RULE 52.3(j) CERTIFICATION ................................................................... 18

CERTIFICATE OF COMPLIANCE ............................................................. 18

CERTIFICATE OF SERVICE ...................................................................... 19

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Bestway Oilfield, Inc. v. Cox*,
2025 Tex. Bus. 2, 2025 WL251338 (Tex. Bus. Ct., 11th Div. 2025) .......... 8

*Braud v. Transp. Serv. Co.*,
445 F.3d 801 (5th Cir. 2006) ................................................................ 10

*Energy Transfer LP v. Culberson Midstream LLC*,
2024 Tex. Bus. 1, 2024 WL 5320611 (Tex. Bus. Ct., 1st Div. 2024) ......... 8

*ET Gathering & Processing LLC v. Tellurian Prod. LLC*,
No. 24-BC11A-0028, 2025 Tex. Bus. 11 (Tex. Bus. Ct. 11th Div.
2025) ..................................................................................................... 9

*In re ETC Field Servs. LLC*,
707 S.W.3d 924 (Tex. App.—15th Dist., Feb. 21, 2025, orig.
proceeding) (op.) .............................................................................*passim*

*In re J.W.B. Tr. of 2007*,
No. 25-BC04A-0003, 2025 WL 1145780 (Tex. Bus. Ct. Apr. 17,
2025) ..................................................................................................... 8

*Jorrie v. Charles*,
2024 Tex. Bus. 4, 2024 WL 5337409 (Tex. Bus. Ct., 4th Div. 2024) ....... 8

*In re Kimco Devs., Inc.*,
No. 14-24-00361-CV, 2024 Tex. App. LEXIS 9167 (Tex. App.—
Houston [14th Dist.] Dec. 31, 2024, no pet.) ........................................... 4

*KJ Eastwood Invs. v. Enlow*,
923 S.W.2d 255 (Tex. App.—Fort Worth 1996, no writ) ........................14

*Lee v. Mission Chevrolet, Ltd.*,
No. EP-16-CV-00034-DCG, 2017 U.S. Dist. LEXIS 174858 (W.D.
Tex. 2017) ........................................................................................... 10

*Marez v. Moeck*,
608 S.W.2d 740 (Tex. Civ. App.—Corpus Christi 1980, no writ) ........... 11

*Martinez v. Gonzales*,
No. 13-14-00241-CV, 2015 Tex. App. LEXIS 9700 (Tex. App.—
Corpus Christi [13th Dist.] Sep. 17, 2015, pet. denied) ..................... 10, 11

*Morris v. Ponce*,
584 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2019, pet. denied)...................................................................................... 10, 11

*Nieto v. Lantana Cmty. Ass'n*,
Civil Action No. 4:19-CV-00239, 2019 U.S. Dist. LEXIS 128482 (E.D. Tex. 2019)....................................................................... 10

*Quality Oilfield Prods. v. Mich. Mut. Ins. Co.*,
971 S.W.2d 635 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ..........12

*Ritchie v. Am. Sur. Co.*,
145 Tex. 422 (1946) ................................................................... 10

*Sebastian v. Durant*,
707 S.W.3d 124, 2025 Tex. Bus. 4 (Tex. Bus. Ct., 11th Div. 2025)........ 7, 8

*Torres v. Hobby Lobby Stores, Inc.*,
No. EP-13-CV-187-KC, 2013 U.S. Dist. LEXIS 156119 (W.D. Tex. 2013).............................................................................................. 10

*Winans v. Berry*,
2024 Tex. Bus. 5, 2024 WL 5337410 (Tex. Bus. Ct., 4th Div. 2024) .......8

*Yadav v. Agrawal*,
708 S.W.3d 246, 2025 Tex. Bus. 7 (Tex. Bus. Ct., 3d Div. 2025) ............8

**Rules**

Tex. R. App. P. 52.3(g)....................................................................... 3

Tex. R. App. P. 52.4(b) ...................................................................... 3

Tex. R. App. P. 52.4(d) ...................................................................... 3

Tex. R. Civ. P. 22 ............................................................................. 10

Tex. R. Civ. P. 37............................................................................. 10

Tex. R. Civ. P. 360(a)(1)-(2) ............................................................... 4

**Statutes**

Tex. Gov't Code § 25A........................................................................1

Tex. Gov't Code § 25A.004(b) ..................................................... 1, 7, 12

Tex. Gov't Code § 25A.004(c)......................................................1, 2, 7, 12

Tex. Gov't Code § 25A.004(e).............................................................. 7

Tex. Gov't Code § 25A.006(d) .......................................................*passim*

Tex. Gov't Code § 25A.006(f)(1).............................................................14

Tex. Gov't Code § 25A.006(g) ...............................................................14

Tex. Gov't Code § 311.023 ....................................................................12

## INTRODUCTION[1]

This case raises a novel legal issue: Does the business court acquire jurisdiction over an action commenced against a publicly traded company after September 1, 2024, when all claims in the action are described in § 25A.004(b),[2] despite that the action commenced against *other* parties prior to September 1, 2024? Under the express language of § 25A.004(c), the answer is yes. The business court acquired jurisdiction on September 20, 2024 over the "action" because on that date, it was "an action described by Subsection (b)" and, for the first time, "a party to the action [was] a publicly traded company."

Nothing in Real Party Cypress' Response takes away from the fact that Cypress, as the master of its claims, chose to add publicly traded KRC as a new defendant on September 20, 2024, asserting new claims against it.[3] There is no doubt that Cypress' action against KRC commenced on September 20, 2024. The enabling legislation making the new law applicable to "civil actions commenced on or after September 1, 2024" means that KRC

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition for Writ of Mandamus ("Petition"), filed with the Fifteenth Court of Appeals on March 17, 2025.

[2] Unless otherwise indicated, all statutory references are to Tex. Gov't Code Chapter 25A.

[3] Contrary to Cypress painting the litigation as being essentially completed and containing just two claims—breach of contract and breach of fiduciary duty—its amended petition adding KRC and another defendant on September 20, 2024 also contained new conspiracy and other claims against KRC and the other Defendants, ushering in KRC's filing of special exceptions in the Business Court.

had the indisputable right to remove the action against it to the business court. And, in turn, under the express language of §§ 25A.004(c) and 25A.006(d), the business court thus acquired jurisdiction over the entire "action" and therefore had no discretion to remand to the district court.

There are no legitimate concerns that vacating the Order will undermine the goal of streamlining business disputes, or that parties will "manufacture jurisdiction" and create "unlimited Chapter 25A removal and remand mandamus review" as posited by Cypress. Litigants cannot manufacture jurisdiction in a particular forum; it either exists or it does not. And jurisdiction clearly exists in the business court for this action.

Moreover, maintaining jurisdiction in the business court will not lead to a deluge of similarly situated cases given the unusual facts and procedural history of this case and the precise language of § 25A.004(c). Indeed, this appears to be the first time since creation of the business courts that this unique set of circumstances and legal application has arisen.

## BRIEF REPLY TO CYPRESS' STATEMENT OF FACTS

Cypress' Statement of Facts in its Response to Petition for Writ of Mandamus ("Response") goes beyond what is permitted, ignoring the mandatory limitation to matters pertinent to the issues raised by the Mandamus.[4] For example, the Response focuses on the various filings and orders in the 11th District Court of Harris County. The only relevant materials from the district court are Cypress' Third Amended Petition filed with the district court on September 20, 2024, with its claims focused on the parties' LPA and bringing it under the subject matter jurisdiction of the business court, and the subsequent removal to the business court.[5]

Even if superfluous materials are considered, they only demonstrate the propriety of this case in the business court as well as the importance of ensuring that parties which properly remove matters to the business court receive the intended benefits of removal. For example, business courts are required to issue written opinions "(1) in connection with a dispositive ruling, on the request of a party; and (2) on an issue important to the

---

[4] See Tex. R. App. P. 52.3(g), 52.4(b), (d).

[5] Cypress also makes facially incorrect statements about the partnership agreement, claiming that it required "that any additional capital would be provided through loans at a specific rate[,]" when the LPA, in fact, leaves the determination of adding additional capital as a loan or as a capital contribution at the "sole option" of the General Partner. *Compare* Response, at 2, *with* MR 068-69, 108.

jurisprudence of the state, regardless of request."[6] In none of the district court orders listed by Cypress in footnote 9 of its Response did that occur.[7] Relators never received any reasons why the district court made the rulings it made, even though the entire gravamen of this lawsuit, as recognized by Cypress,[8] involves the proper interpretation of the governing document of the limited partnership—an issue squarely within the expertise of the business courts.

---

[6] Tex. R. Civ. P. 360(a)(1)-(2).

[7] In playing up the orders entered without explanation by the district court in its favor, Cypress omits that the district court order granting extensive net worth discovery on the General Partner and Class A Limited Partner was vacated by the 14th Court of Appeals for Cypress' failure to establish a substantial likelihood of success on the merits of its breach of fiduciary duty claim for exemplary damages. *See* MR261-263; *In re Kimco Devs., Inc.*, No. 14-24-00361-CV, 2024 Tex. App. LEXIS 9167 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, no pet.).

[8] *See* Response, at 1.

# SUMMARY OF THE REPLY

The Business Court's Order is an abuse of discretion. The Business Court was without discretion to remand because it has jurisdiction over this action. The express statutory language and precedent from this Court support that this civil action "commenced on or after September 1, 2024" against a publicly traded company, which gave the business court jurisdiction over the entire action. The business court may only remand an action "[i]f the business court does not have jurisdiction of the action[.]"[9] Accordingly, the Business Court's failure to exercise its jurisdiction was an abuse of discretion.

Relators do not have an adequate remedy by appeal. As this Court has recognized regarding the adequacy of a party's remedy, complex cases justify mandamus review under certain circumstances, including when a party's right to access the business court is improperly granted or denied.[10] Relators were improperly denied access to the business court, which cannot be adequately remedied by appeal.

---

[9] Tex. Gov't Code § 25A.006(d).
[10] *In re ETC Field Servs. LLC*, 707 S.W.3d 924, 928-29 (Tex. App.—15th Dist., Feb. 21, 2025, orig. proceeding) (op.).

Vacating the Order will not result in "manufactured" jurisdiction or a glut of mandamus petitions. That parties exercise their rights under a statute meant to confer jurisdiction in a certain forum does not merit a pejorative use of the term "manufacture." And given the unique facts of this case, there is no reason to expect an increase in removals or in mandamus challenges.

## ARGUMENT AND AUTHORITIES

**I.  Cypress ignores clear statutory authority and key case precedent supporting that this remand is an abuse of discretion.**

**A.  Cypress does not controvert Relators' arguments as to the propriety of this case being heard in the business court.**

Cypress wholly ignores Relators' arguments that the entirety of this action represents subject matter the Legislature determined is appropriate for the business court to hear.[11] A publicly traded company was added as a party to the action, there are competing declaratory judgment requests regarding interpretation of a limited partnership's governing documents, and every dispute falls within the categories enumerated in subsection 25A.004(b).[12] Cypress' lack of opposition is perhaps expected given how squarely this action fits within the statutory grant of authority.

**B.  The action commenced against KRC, a publicly traded company, when Cypress sued it for the first time on September 20, 2024.**

Cypress focuses on the term "commenced," but refuses to acknowledge that Cypress commenced its suit against a publicly traded company for the first time after September 1, 2024, the trigger date in H.B. 19's applicability

---

[11] This is in contradiction to remanded cases relied upon by Cypress. *See, e.g.*, *Sebastian v. Durant*, 707 S.W.3d 124, 128–29, 2025 Tex. Bus. 4 at ¶¶ 24–25 (Tex. Bus. Ct., 11th Div. 2025) (regarding a divorce proceeding).

[12] Mandamus, at 9-14; Tex. Gov't Code § 25A.004(b), (c), (e).

language. While certain business courts have issued broad declarations in factually divergent situations,[13] the *ETC* decision is the only one out of this Court to address what "commenced" means.[14] *ETC* supports Relators' position, not Cypress'.

*ETC* holds that: "*Commence* means to 'begin' or 'start,' and is used primarily in 'more formal associations with law and procedure, combat, divine service, and ceremony.' The Texas rules of procedure use the term in the precise context of starting a new lawsuit: 'A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the

[13] Cypress cites numerous decisions in footnote 29 of the Response, all of which are distinguishable. *Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409, *2 (Tex. Bus. Ct., 4th Div. 2024) (remanding a case originally filed on November 30, 2018, which had no post-September 1, 2024 amendment commencing an action against a new party, much less a publicly traded company); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410, *1 (Tex. Bus. Ct., 4th Div. 2024) (remanding a case originally filed on November 18, 2022, which had no post-September 1, 2024 amendment commencing an action against a new party, much less a publicly traded company); *Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2, ¶¶ 2-4, 2025 WL251338, *1-2 (Tex. Bus. Ct., 11th Div. 2025) (remanding a case originally filed 1,557 days prior to September 1, 2024, which had no post-September 1, 2024 amendment commencing an action against a new party, much less a publicly traded company); *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 5320611 (Tex. Bus. Ct., 1st Div. 2024) (remanding a case originally filed on April 8, 2022, which had no post-September 1, 2024 amendment commencing an action against a new party, much less a publicly traded company). In footnotes 42 and 43, Cypress addresses additional distinguishable decisions. *Sebastian*, 707 S.W.3d, at 127-28 (remanding a partial removal from the district court of third-party claims filed after September 1, 2024, rather than the entirety of the action, which included divorce matters); *Yadav v. Agrawal*, 708 S.W.3d 246, 2025 Tex. Bus. 7 (Tex. Bus. Ct., 3d Div. 2025) (remanding a distinguishable removal attempt based on the filing of an amended counterclaim, original petition in intervention, and third-party claims, none of which included a public company added after September 1, 2024); *In re J.W.B. Tr. of 2007*, No. 25-BC04A-0003, 2025 WL 1145780 (Tex. Bus. Ct. Apr. 17, 2025) (remanding a case with a post-September 1, 2024, petition amendment adding a non-publicly traded corporate defendant).
[14] *In re ETC Field Servs. LLC*, 707 S.W.3d, at 926-28.

clerk.'"[15] While *ETC* ultimately made the distinguishable determination that a *removal* does not commence a new civil action,[16] it makes no comment on the situation presented here of filing an amended petition after September 1, 2024, that adds a publicly-traded party and asserts new claims, bringing the entire action under the business court's jurisdiction.

However, it does come close and provides guidance. In particular, *ETC* commented that "A different case would be presented if a civil action filed in a district court were nonsuited (an 'unqualified and absolute' right under Texas law), and a new civil action commenced in the business court."[17] Cypress tries to deflect from this guidance in a criticism that Relators "can see no legal difference between a nonsuit and refiling, on the one hand, and an amended petition, on the other" is also wrong.[18] But Relators' merely and correctly pointed out that there are similar procedural implications of a nonsuit and refiling[19] compared to an amendment adding new parties and claims. Both commence actions against parties and necessarily provide

[15] *Id.*, at 926-27.
[16] *Id.*
[17] *Id.*, at 927.
[18] Response, at fn 67.
[19] This is exactly what happened in *ET Gathering & Processing LLC v. Tellurian Prod. LLC*, Cause No. 24-BC11A-0028, 2025 Tex. Bus. 11, ¶ 8 (Tex. Bus. Ct. 11th Div. 2025), where the court determined that a party could elect to nonsuit an action initially filed in the district court prior to September 1, 2024 (as is clear from Defendant's Plea to the Jurisdiction briefing) and instead pursue the action in the business court when it realized the amount in controversy was sufficient, which amounts to litigation strategy, not fraudulent behavior or a sham pleading.

opportunities for new special exceptions (which have been filed in the Business Court in the instant case), new dispositive motions, and other pretrial deadlines for the new parties as they progress toward trial. Moreover, there is uniform and long-standing case law in state and federal courts holding that when a case is not initially removable, but a later change in parties or a later amended claim provides a right to remove, then the case becomes removable at that time.[20]

Cypress also ineffectively attempts to distinguish *Martinez* and *Morris* based on the incorrect statement that they fail to rely on Rule 22.[21] Like *ETC*, *Martinez* and *Morris* both acknowledge the language of Rule 22 and its binding effect, but merely reject another court's interpretation of Rule 37[22] to mean "new parties are being added to an action that has already

---

[20] *Nieto v. Lantana Cmty. Ass'n*, Civil Action No. 4:19-CV-00239, 2019 U.S. Dist. LEXIS 128482, at *13 (E.D. Tex. 2019) (later increase in amount in controversy makes the case removable); *Torres v. Hobby Lobby Stores, Inc.*, No. EP-13-CV-187-KC, 2013 U.S. Dist. LEXIS 156119, at*2, 11 (W.D. Tex. 2013) (removal clock only starts if the pleading contains a specific allegation that damages are in excess of the federal amount); *Ritchie v. Am. Sur. Co.*, 145 Tex. 422, 429, 432 (1946) (a later voluntary increase in the amount in controversy or a later dropped nonresident party would make a case removable at that time); *Braud v. Transp. Serv. Co.*, 445 F.3d 801, (5th Cir. 2006) ("as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court. . . . a new defendant can remove even if the plaintiff decided to add it more than one year after the initial suit."); *Lee v. Mission Chevrolet, Ltd.*, No. EP-16-CV-00034-DCG, 2017 U.S. Dist. LEXIS 174858 (W.D. Tex. 2017) (removal proper months after an action was initially filed in state court when an amendment added a claim providing the federal court jurisdiction).
[21] Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); Response, at 14.
[22] Tex. R. Civ. P. 37 ("Before a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in").

commenced."[23] Instead, *Martinez*, on which *Morris* relies, determines that "[w]hile such an interpretation may be supported if a plaintiff files a supplemental petition adding parties, it ignores that **the filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit.**"[24]

To come to that conclusion, the *Martinez* court looks to other precedent, including *Marez v. Moeck*,[25] which Cypress does not address. *Marez* determined that "if the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition."[26]

The present situation is more akin to *Marez*, as interpreted and applied by *Martinez* and *Morris*.[27] If a party initially names all defendants it contends are liable and subsequently amends the petition to add or

---

[23] *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 Tex. App. LEXIS 9700, at *8 (Tex. App.—Corpus Christi [13th Dist.] Sep. 17, 2015, pet. denied); *Morris v. Ponce*, 584 S.W.3d 922, at 926-27 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).
[24] *Martinez*, 2015 Tex. App. LEXIS, at *8 (emphasis added).
[25] 608 S.W.2d 740 (Tex. Civ. App.—Corpus Christi 1980, no writ).
[26] *Marez*, 608 S.W.2d, at 742.
[27] That the overarching context of those opinions focuses on commencement as to each defendant for subsequent filing deadlines does not mean *Martinez*'s conclusion—that a new lawsuit results from an amended petition adding new defendants—is inapplicable here.

substitute potentially liable defendants, then the amended petition is a new lawsuit as to the new defendants. In other words, a new action is commenced, at least with respect to the newly added defendants. And as explained in Relators' mandamus petition, the express language of § 25A.004(c) provides the business court with jurisdiction "**in an action** described by Subsection (b) … if a party to the action is a publicly traded company."[28] Once the publicly traded company became "a party to the action," jurisdiction over the "action" attached because all claims fell within subsection (b).

Since Relators had a right to remove this action to the business court, which had jurisdiction under the express language of the statute,[29] it was an abuse of discretion to misapply the law and remand the case to the district court. The statute is clear that the business court has no authority or discretion to remand for any basis other than lack of jurisdiction.[30]

---

[28] Tex. Gov't Code § 25A.004(c) (emphasis added).

[29]. Tex. Gov't Code § 25A.006(d).

[30] Cypress devotes pages of its Response to countering Relators' citation to *persuasive* authority from legislative history and the federal courts. Courts can consider the full context of a statute and persuasive authority when determining what the unambiguous language means. *See* Tex. Gov't Code § 311.023 ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: (1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision."); *see also, Quality Oilfield Prods. v. Mich. Mut. Ins. Co.*, 971 S.W.2d 635 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (considering the entire policy as a whole and persuasive authority from other jurisdictions in determining that a policy's use of "interruption of business" is unambiguous and carries a specific meaning). Here, such material supports that removal is *exactly* the sort of removal the drafters had in

## II.    Relators have shown their inadequate remedy at law.

Cypress' statement that Relators did "not argue that [they] will suffer permanent loss of a substantial right absent mandamus relief," is not accurate. Relators detailed the rubric *ETC* set forth when making its evaluation of whether there was an adequate remedy at law and determining if mandamus review may be available, including if: 1) the right to access the business court is improperly granted or denied; 2) there are case-specific reasons why the business court may be the appropriate venue over the district courts with concurrent jurisdiction; and 3) when there are significant rulings in exceptional cases that would permit this Court to provide helpful direction to the law that would otherwise prove elusive.[31]

Here, the delayed remedy by appeal of a final decision of the district court would deny Relators access to the business court despite a well-supported jurisdictional basis to proceed there.[32] This would deny Relators the precise benefits the business court was meant to provide, including expediency, specialization, and required written opinions.[33] These

mind. Petition for Writ of Mandamus, at 18-25. The removal also is consistent with federal authority supporting that a removal should be made within a certain time from when the removing-party had knowledge, or should have had knowledge, of such jurisdiction. *See* case citations in fn. 20, *supra*. Relators could not know of the jurisdiction here until the action was commenced against all the Relators.

[31] *In re ETC Field Services, LLC*, 707 S.W.3d, at 928-29.

[32] Mandamus, at 28.

[33] *Id*. Additionally, Cypress' argument about Judge Hawkins' experience is inapposite. *See* Response, at 26. Should parties wish to proceed in front of a respected judge of the district

curtailments of Relators' rights risk a permanent loss of a substantial right absent mandamus relief.[34]

It is notable that Texas courts have foregone the requirement that a relator show there is no adequate remedy at law in the instance where relator seeks to enforce a mandatory venue provision, lest the provision be "emasculate[d]."[35] Here, the business court could only remand the case if it had no jurisdiction over the action.[36] Remand was therefore improper.

Similarly, Relators were not required to seek permission or the agreement of Cypress to remove the matter[37] and are merely seeking to enforce their right to defend these claims in the business court. To deny that

court such as Judge Hawkins in the proper case, that is perfectly within their rights. But the fact remains that Relators are entitled to access the business court here, as well as benefit from its stated purposes, which include judges specifically dedicated to hearing similar issues and issuing written opinions, necessarily removing the case from the extensive dockets that district judges manage. That Relators wish to proceed in the business court in line with their statutory right and the special nature and procedures of that court set up by the Legislature to handle disputes over parties' governing documents is not a rebuff to Judge Hawkins' experience and the respect she commands in the bar. *See* Petition, at 18-24. As this Court has stated, "Removal of qualifying cases to the business court is a statutory right that must be respected." *In re ETC Field Services, LLC*, 707 S.W.3d, at 928.

[34] This relief would also serve the function of providing a ruling in an exceptional case that would provide helpful direction to the application of the new business court statute.

[35] *KJ Eastwood Invs. v. Enlow*, 923 S.W.2d 255, 258 (Tex. App.—Fort Worth 1996, no writ) (determining that relators established they were entitled to mandamus relief because the trial court abused its discretion in refusing to transfer the case to the mandatory venue in Dallas County and there was a clear statutory directive as to mandatory venue which obviated the requirement to show there is no adequate remedy at law).

[36] Tex. Gov't Code § 25A.006(d).

[37] Tex. Gov't Code §§ 25A.006(d), (f)(1), (g).

right would eviscerate the statutory provisions permitting removal of an action and limiting the business court's remand to instances when it does not have jurisdiction.[38]

## III. Granting mandamus relief will not encourage parties to "manufacture" jurisdiction or invite "unlimited Chapter 25A removal and remand mandamus review."

A litigant cannot manufacture jurisdiction if it does not otherwise exist. If anyone "manufactured" jurisdiction here, it was Cypress, by suing a publicly traded company for the first time in the district court after September 1, 2024, and then fighting Relators' proper removal of that action to the business court, which then had proper jurisdiction over the entire action.

Granting mandamus relief here will not usher in "unlimited" Chapter 25A removal and potential mandamus review for improperly remanded cases. It has been more than eight months since the business courts have opened and this case is the only one that has come before this Court raising this unique legal issue. Thus, this Court will not invite a glut of 25A removal and remand mandamus review by vacating the Business Court's Order on the specific legal grounds requested.

---

[38] Tex. Gov't Code § 25A.006(d).

To the contrary, one of *ETC*'s principal considerations is whether the mandamus opinion would provide helpful direction to the law that would otherwise prove elusive, which is exactly what an opinion vacating the Order would do, thereby providing necessary direction in future instances, should any arise.[39]

## CONCLUSION AND PRAYER

Relators pray that the Court grant their Petition for Writ of Mandamus and order the Business Court to vacate its Order remanding the action from the Business Court of the State of Texas, Eleventh Division, to the 11th District Court of Harris County, Texas, and to deny the motion to remand. Relators prays for such further relief to which they may be entitled.

[39] *Supra*, at 13-14.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch
State Bar No. 02495500
heidi.bloch@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

Roland Garcia
State Bar No. 7645250
garciar@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
T: (713) 374-3400
F: (713) 374-3501

*Counsel for Relators Kimco*
*Developers, Inc., KD Houston 1086A,*
*Inc., Kimco Realty Services, Inc.,*
*Kimco Realty Corporation*

## RULE 52.3(J) CERTIFICATION

In compliance with Rule 52.3(j) of the Texas Rules of Appellate Procedure, I certify that I have reviewed the Reply in Support of Petition for Writ of Mandamus and have concluded that every factual statement in the petition is supported by competent evidence included in the record.

*/s/ Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this petition consists of 2,307 words as determined by Microsoft Word Count, excluding the parts of the petition exempted by Tex. R. App. P. 9.4(i)(1).

*/s/ Elizabeth G. "Heidi" Bloch*
Elizabeth G. "Heidi" Bloch

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition for Writ of Mandamus, including any and all attachments, was served on counsel of record by using the Court's e-filing system and on the Honorable Sofia Adrogué via email and mail to her Staff Attorney, Foster Baird, and her Court Manager, Kirina McNamara, on the 14th day of May, 2025, addressed as follows:

Hunter M. Barrow
State Bar No. 24025240
hbarrow@andrewsmyers.com
Emily W. Miller
State Bar No. 24079527
emiller@andrewsmyers.com
Sharon McCally
State Bar No. 13356100
smccally@andrewsmyers.com
Andrew B. Bender
State Bar No. 24084290
abender@andrewsmyers.com
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
T: (713) 850-4200

*Counsel for Real Party in Interest, Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.*

Hon. Sofia Adrogué
c/o Foster Baird, Staff Attorney
Kirina McNamara, Court Manager
Foster.Baird@txcourts.gov
Kirina.McNamara@txcourts.gov
TEXAS BUSINESS COURT
ELEVENTH DIVISION
301 Fannin Street
Houston, Texas 77002
T: (713) 274-1067
T: (713) 274-1625

*Respondent*                    */s/ Elizabeth G. "Heidi" Bloch*
                                Elizabeth G. "Heidi" Bloch

-19-

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Pegues on behalf of Elizabeth Bloch
Bar No. 2495500
Peguesg@gtlaw.com
Envelope ID: 100846987
Filing Code Description: Response
Filing Description: Relators' Reply in Support of Petition for Writ of Mandamus
Status as of 5/14/2025 4:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hunter Barrow | 24025240 | hbarrow@andrewsmyers.com | 5/14/2025 4:42:45 PM | SENT |
| Emily Miller | 24079527 | emiller@andrewsmyers.com | 5/14/2025 4:42:45 PM | SENT |
| Andrew Bender | 24084290 | abender@andrewsmyers.com | 5/14/2025 4:42:45 PM | SENT |
| Pamela Lee | | plee@andrewsmyers.com | 5/14/2025 4:42:45 PM | SENT |
| Elizabeth G. "Heidi"Bloch | | blochh@gtlaw.com | 5/14/2025 4:42:45 PM | SENT |
| Stephanie Sanchez | | Stephanie.Sanchez@gtlaw.com | 5/14/2025 4:42:45 PM | SENT |
| Sharon McCally | | smccally@andrewsmyers.com | 5/14/2025 4:42:45 PM | SENT |
| Hon. Sofia Adrogué | | BCDivision11A@txcourts.gov | 5/14/2025 4:42:45 PM | SENT |
| Paul Stibbe | | paul.stibbe@gtlaw.com | 5/14/2025 4:42:45 PM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 5/14/2025 4:42:45 PM | SENT |